UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

COMMONWEALTH OF KENTUCKY,  Plaintiff,

v.  Civil Action No. 3:15-cv-354-DJH

MARATHON PETROLEUM COMPANY,
LP,  Defendant.

\* \* \* \* \*

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Marathon's motion to permit interlocutory appeal of the Court's June 8, 2016 Memorandum Opinion and Order denying Marathon's motion to dismiss. (Docket No. 41) After careful consideration, the Court will deny the motion for the reasons set forth below.

## I. BACKGROUND

The Kentucky Attorney General brought this action against Marathon asserting violations of federal antitrust and state consumer protection laws, and asserting a claim of unjust enrichment. (D.N. 18, PageID # 167–69) The Commonwealth alleges that Marathon holds a dominant share of the reformulated gasoline market in Louisville and Northern Kentucky, allowing Marathon to illegally manipulate the market. (D.N. 18, PageID # 153–54; D.N. 31, PageID # 255) Marathon filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (D.N. 28) The Court denied the motion with respect to the federal antitrust and state consumer protection law claims, dismissing only the unjust enrichment claim. (D.N. 41, PageID # 444)

The Court previously found that the Commonwealth alleged sufficient facts to support application of the control exception to the *Illinois Brick* indirect-purchaser rule at the motion-to-

1

dismiss stage because the Commonwealth's complaint claimed that Speedway is a wholly-owned subsidiary of Marathon. (D.N. 41, PageID # 430; D.N. 18, PageID # 153) Marathon now challenges the existence and application of the control exception and seeks amendment of this Court's prior order to permit interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II. STANDARD

Interlocutory appeal pursuant to 28 U.S.C. § 1292(b) requires the moving party to show that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that controlling question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)." *Lang v. Crocker Park, LLC*, No. 1:09 CV 1412, 2001 WL 3297865, at *5 (N.D. Ohio July 29, 2011) (citing *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)). "Review under § 1292(b) should be sparingly granted and then only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing *Kraus v. Bd. of Cty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

## III. DISCUSSION

**A. Controlling Question of Law**

The first requirement under § 1292(b) is that the issue presented is a controlling question of law. According to the Sixth Circuit, "[a] legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351 (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)). Additionally, this Court has found that "[a]n issue of law is controlling if its incorrect disposition

2

amounts to reversible error on appeal." *In re Big Rivers Elec. Corp.*, 266 B.R. 100, 104 (W.D. Ky. 2000).

Here, Marathon identifies the controlling issues of law as "(1) whether there is an ownership/control exception to the *Illinois Brick* indirect purchaser rule, in the first place; and (2) if so, what is necessary to establish the applicability of that exception." (D.N. 48-1, PageID # 522) Marathon argues that these issues "are controlling because their resolution determines whether the Attorney General can sue for damages in this action." (*Id.*, PageID # 523)

*Illinois Brick* and its exceptions provide bright-line rules that determine who can and cannot sue for antitrust violations. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 736, 744–45 (1997). While the Court finds no error in its application of the control exception, the *Illinois Brick* issues arguably present controlling questions of law that could materially affect the outcome of the case or require reversal if incorrectly applied. (*See* D.N. 48, PageID # 429–31) However, even if the issues are controlling questions of law, the other two requirements of § 1292(b) must still be met for the Court to certify interlocutory appeal.

**B. Substantial Ground for Difference of Opinion**

The second requirement under § 1292(b) is that there is a substantial ground for difference of opinion as to the controlling question of law. A substantial ground for difference of opinion exists when (1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the Sixth Circuit; or (4) the circuits are split on the question. *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). Marathon fails to satisfy any of these elements.

Marathon argues that "[t]he *Illinois Brick* issues in the Court's Order present substantial ground for difference of opinion because neither the existence nor the nature of the ownership/control exception [is] established by Supreme Court or Sixth Circuit precedent." (D.N. 48-1, PageID # 524) First, Marathon asserts that despite application of the control exception by lower courts, the Supreme Court rejected the existence of any such exception in *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 216 (1990). (*Id.*) Second, Marathon asserts that even if the control exception exists, there is no definitive guidance on its application in the Sixth Circuit or elsewhere. (*Id.*, PageID # 525)

The Court is unpersuaded. Marathon's conclusion that *UtiliCorp* can be read to imply that no exceptions to the *Illinois Brick* rule exist is incorrect and contrary to the way a number of other courts have interpreted *UtiliCorp*. The petitioners in *UtiliCorp* asked the Supreme Court to create an exception to the *Illinois Brick* rule to permit indirect-purchaser suits in cases involving regulated public utilities that pass on 100 percent of their costs to their customers. *UtiliCorp*, 497 U.S. at 208. The Supreme Court refused to do so, stating that "[a]lthough the rationales of *Hanover Shoe* and *Illinois Brick* may not apply with equal force in all instances, we find it inconsistent with precedent and imprudent in any event to create *an exception for regulated public utilities*." *Id.* (emphasis added). *UtiliCorp* was limited to a very specific exception proposed by the petitioners in that case—one for public utilities. The Supreme Court did not deny the existence of *all* exceptions; rather, it simply refused to create a new one.

Furthermore, the Supreme Court acknowledged and analyzed the existing cost-plus contract exception, which directly refutes Marathon's interpretation of *UtiliCorp*. *Id.* at 217. This exception applies when an indirect purchaser buys under a pre-existing cost-plus contract. *Id.* The cost-plus contract exception was recognized in both *Hanover Shoe* and *Illinois Brick*.

4

*Id.* (citing *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 494 (1968); *Illinois Brick*, 431 U.S. at 736). The petitioner in *UtiliCorp* tried to argue that the facts of that case fit within this exception, but the Supreme Court rejected this argument because the respondent did not sell gas to its customers under a pre-existing cost-plus contract. *Id.* at 218.

This Court previously interpreted *UtiliCorp* to hold that the Supreme Court refused to create *new* exceptions to *Illinois Brick*. (D.N. 41, PageID # 431) Other courts have interpreted *UtiliCorp* to hold the same. *See In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 748–49 (9th Cir. 2010) ("While the Supreme Court has expressed reluctance in carving out exceptions to the *Illinois Brick* rule, limited exceptions do exist."); *Dickson v. Microsoft Corp.*, 309 F.3d 193, 214–15 (4th Cir. 2002) (following "the Supreme Court's clear directive in *Utilicorp United* against crafting new exceptions to the *Illinois Brick* rule"); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F. 3d 599, 605 (7th Cir. 1997) ("*Utilicorp* implies that the only exceptions to the *Illinois Brick* doctrine are those stated in *Illinois Brick* itself . . . ."); *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 896 F. Supp. 2d 650, 665 (E.D. Mich. 2012) (acknowledging that *UtiliCorp* resisted calls to carve out exceptions to *Illinois Brick* other than the cost-plus and control exceptions already recognized); *Jersey Dental Labs. v. Dentsply Int'l., Inc.*, 180 F. Supp. 2d 541, 547 (D. Del. 2001) ("In [*UtiliCorp*], the Court expressed great reluctance to create any new exceptions to *Illinois Brick*.").

Marathon also argues that, even if there is an control exception, there is no definitive guidance on the application of that exception. But this argument is also unpersuasive. The control exception was first recognized in *Illinois Brick*. In that case, the Supreme Court described the cost-plus contract exception and further noted that "[a]nother situation in which market forces have been superseded and the pass-on defense might be permitted is where the

5

direct purchaser is owned or controlled by its customer." *Illinois Brick*, 431 U.S. at 736 n.16 (citing *Perkins v. Standard Oil Co.*, 395 U.S. 642, 648 (1969); *In re W. Liquid Asphalt Cases*, 487 F.2d 191, 197, 199 (9th Cir. 1973)). The Sixth Circuit recognized and applied this exception in *Jewish Hospital Ass'n of Louisville, Ky., Inc. v. Stewart Mech. Enters., Inc.*, 628 F.2d 971 (6th Cir. 1980). In that case, the Sixth Circuit concluded that the exception "is limited to relationships involving such functional economic or other unity between the direct purchaser and either the defendant or the indirect purchaser that there effectively has been only one sale." *Id.* at 975 (citing *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1162 (5th Cir. 1979)).

The Sixth Circuit was not without guidance in coming to this conclusion. First, the court considered the "narrow scope of exemptions to the indirect-purchaser rule" emphasized in *Illinois Brick*. Second, the court looked at the cases cited by *Illinois Brick*. *Id.* In *Perkins*, the defendant was a sixty percent owned subsidiary, and in *Western Liquid Asphalt,* the defendant controlled its direct customers by acquiring their stock or by arranging to finance their purchases. *Id.* The Sixth Circuit had guidance from at least one other circuit as well, as it cited a Fifth Circuit case that also acknowledged the control exception. *Id.* In that case, the Fifth Circuit considered whether the control exception from *Illinois Brick* applied to a case in which retail chains were alleged to have conspired with and controlled the meat packers and slaughterers in a price-fixing scheme. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d at 1160.

Since *Jewish Hospial*, other circuits have recognized the existence of and applied the control exception. *See In re ATM Fee Antitrust Litig.*, 686 F.3d at 749; ("While the Supreme Court has expressed reluctance in carving out exceptions to the *Illinois Brick* rule, limited exceptions do exist."); *Howard Hess Dental Laboratory v Dentsply Int'l*, 424 F.3d 363, 371–72 (3d Cir. 2005) (explaining and applying the control exception); *In re Brand Name Prescription*

6

*Drugs Antitrust Litig.*, 123 F.3d at 605–06 (recognizing the control exception); *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 327 n.4 (9th Cir. 1980) (acknowledging that *Illinois Brick* created the control exception).

Finally, there are not substantial grounds for difference of opinion when a party merely disagrees with a court's order. *MidFirst Bank v. Johnston*, No. 5:13-mc-49, 2014 WL 694943, at *4 (N.D. Ohio Feb. 21, 2014); *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). In its motion, Marathon writes that "the Attorney General alleged (inaccurately) that Speedway is a wholly owned subsidiary of Marathon and sells gasoline directly to natural persons." (D.N. 48-1, PageID # 520) Marathon appears to base its disagreement with the Court's decision, at least in part, on the premise that the Attorney General's complaint inaccurately described Marathon's corporate structure. But the June 8, 2016 Memorandum Opinion and Order concerned a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), and in considering such a motion, the Court must take the facts alleged by the plaintiff in the complaint as true. (D.N. 41, PageID # 428–29) That is exactly what the Court did. (*See id.*, PageID # 430–31)

The *In re Miedzianowski* elements are not satisfied here. *See* 735 F.3d at 384. This issue is not novel or one of first impression. Given the extent to which the control exception has been applied throughout the various circuits, there is adequate guidance on this issue. Furthermore, there is no difference of opinion within the Sixth Circuit itself, nor are the circuits split on the existence and application of this exception. Therefore, no substantial ground for difference of opinion exists, and the second requirement of § 1292(b) is not satisfied.

**C. Whether Immediate Appeal Materially May Advance the Ultimate Termination of the Litigation**

The third requirement of § 1292(b) is that an immediate appeal may materially advance the ultimate termination of the litigation. "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351 (quoting *White v. Nix*, 43 F.3d at 378–79).

Marathon argues that "[a] conclusive ruling by the Sixth Circuit on the *Illinois Brick* issues will materially advance resolution of this litigation because this case will proceed in a substantially different manner." (D.N. 48-1, PageID # 528) It claims that resolution of the *Illinois Brick* issues "will narrow the scope of discovery, limit the issues on which experts opine, narrow the issues for summary judgment, and narrow the issues for any trial." (*Id.*) The basis of this argument is that a different ruling on the *Illinois Brick* issues would prevent the Attorney General from seeking damages, thereby eliminating any discovery with respect to damages. (*Id.*, PageID # 528–29)

Marathon's argument is unconvincing. First, contrary to what Marathon insinuates, the Sixth Circuit has made a conclusive ruling on the *Illinois Brick* issues to which Marathon refers. As discussed above, the Sixth Circuit has clearly recognized and applied the control exception from *Illinois Brick*. *See Jewish Hosp. Ass'n of Louisville, Ky., Inc.*, 628 F.2d at 975. Second, Marathon essentially asserts that a change in the scope of discovery could cause the litigation to proceed in a substantially different manner. (D.N. 48-1, PageID # 528) The Court disagrees. Not only would an interlocutory appeal delay litigation in this case, but this case would continue in substantially the same manner regardless of the Court's decision. *See In re City of Memphis*,

293 F.3d at 351 (finding the third element of § 1292(b) was not met because the City of Memphis would pursue its defense in substantially the same manner). Whether or not the Attorney General can seek damages, this case will require substantial discovery because the Commonwealth seeks injunctive relief and restitution as well, and the parties will still have to conduct discovery concerning liability for the alleged antitrust injuries. (D.N. 18, PageID # 171) Therefore, the Court concludes that interlocutory appeal of the *Illinois Brick* issues would not materially advance the ultimate termination of the litigation, and Marathon fails to satisfy the third element of 28 U.S.C. § 1292(b).

## IV. CONCLUSION

Because Marathon fails to satisfy all three elements of § 1292(b), the Court declines to amend its order to certify interlocutory appeal. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Marathon's motion to amend order to permit interlocutory appeal (D.N. 48) is **DENIED**.

December 1, 2016

                                                 **David J. Hale, Judge**
                                         **United States District Court**