# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**COMMONWEALTH OF KENTUCKY,**                                            **Plaintiff**
**EX REL., ATTORNEY GENERAL,**
**ANDY BESHEAR,**

**v.**                                                  Case No. 3:15-cv-354-DJH-CHL

**MARATHON PETROLEUM CO., LP,**                                       **Defendant**

## Memorandum Opinion and Order

### Introduction

The parties are the Commonwealth of Kentucky (the "Commonwealth"), and Marathon Petroleum Company LP ("Marathon"). The Court held a telephonic status conference in this matter on May 12, 2017. Elizabeth Natter, Helen Maher, Michael Endler, Ronald Parry, and Andrew Downey appeared for the Commonwealth. Matthew Blickensderfer, Michelle Fischer, Tiffany Lipscomb-Jackson, and Theresa Canaday appeared for Marathon.

During the conference, the Court inquired about the parties' joint motion for a protective order and their proposed agreed protective order. (*See* DNs 62 & 62-1.) In their motion, they acknowledged the Court's general hesitance in entering a protective order unless there is a good reason to do so. (DN 62.) The Court will grant in part and deny in part the joint motion.

### Legal Standards

Rule 26 requires that motions for a protective order "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the *dispute* without court action." Fed. R. Civ. P. 26(c)(1) (emphasis added). Thus, under Rule 26, the Court can only grant a motion for a protective order when there is a *dispute*, and the movant has shown good cause. *See id.*

Similar to Rule 26, Local Rule 37.1 says:

> Prior to filing a discovery motion, all counsel must make a good faith effort to resolve extrajudicially any *dispute* relating to discovery. The Court will not entertain discovery motions unless counsel have conferred—or attempted to confer—with other affected parties in an effort to resolve their *dispute*. The moving party must attach to every discovery motion a certification that counsel have conferred and are *unable to resolve their differences*. The certification must detail counsel's attempts to resolve the *dispute*.

LR 37.1 (emphasis added).

## Discussion

Together, the parties argue that entry of their proposed protective order is appropriate because discovery "may involve confidential or proprietary information" of Marathon or of third parties. (DN 62 ¶ 2.) They argue that a private agreement between the Commonwealth and Marathon to protect certain information "would not be practical and may not be effective in protecting this information from potential disclosure." (*Id.*) Additionally,

> As a public entity, the Commonwealth is subject to Kentucky's open records law (KRS 61.70 et seq.). If the Commonwealth receives an open records request that seeks the production of something exchanged in discovery, the Commonwealth may not refuse to produce it on the basis of a private agreement with the Defendant. As a result, entry of a protective order is necessary to ensure that discovery materials that warrant protection under applicable law and Fed. R. Civ. P. 26(c)(1)(G) receive that protection. Moreover, if a Protective Order is not entered, the Kentucky Circuit Court would need to rule on the confidentiality of discovery materials responsive to an open records request. Entering the Protective Order avoids the situation of two courts dealing with confidentiality issues arising from discovery in this case, and ensures that this Court, which will be more familiar with the issues, makes those determinations.

(*Id.*) Ultimately, without a Protective Order, they argue, this Court and the Kentucky Circuit Court could both be "involved in issues relating to protection of discovery materials in this action." (*Id.* ¶ 8.) Altogether, good cause exists for the entry of their proposed protective order "to protect the Parties or other persons from annoyance, embarrassment, oppression, undue burden or expense." (*Id.*)

## Analysis

# I.

During the telephonic status conference, the Court noted its general disinclination to enter agreed protective orders. Almost by definition, a proposed protective order signed by both parties cannot comply with either Rule 26's or Local Rule 37.1's certification requirements.

The Court asked the parties if they have a dispute. They agreed that even though they submitted a joint motion, they did so because they have a discovery dispute. In short, the Commonwealth seeks certain documents from Marathon, and Marathon will not disclose them without an agreement to keep the documents confidential. The Commonwealth says that its obligations as a public entity limit its ability to privately agree to keep documents confidential. The parties agree that this dispute has impeded their efforts to prepare for the July 12, 2017 settlement conference. Accordingly, the Court finds that the parties have shown that a discovery dispute exists between them, notwithstanding their joint motion.

The parties described their extensive efforts in attempting to resolve this dispute between them without Court intervention. Those extensive efforts included seven or eight phone calls in which they conferred about potential solutions to their dispute. The proposed agreed protective order they jointly filed was the result of their extensive efforts to come to a resolution. They ask the Court to enter a protective order to resolve this dilemma and to expedite discovery as they prepare for the settlement conference.

Specifically, the Commonwealth argued that an exception to the Open Records Act exists for "public records or information the disclosure of which is prohibited by federal law or regulation." Ky. Rev. Stat. § 61.878(1)(k). Then, the Commonwealth argued that "federal law" under that statute includes Federal Rules of Civil Procedure. The Court finds that there is good cause for entry of a protective order because the Commonwealth has shown that a private agreement between the Commonwealth and Marathon may not be effective in resolving the

parties' discovery dispute. Accordingly, the Court will enter a protective order in this matter, subject to the two exceptions that follow.

## II.

First, in support of their joint motion, the parties cited Federal Rule of Evidence 502(d). (DN 62, ¶¶ 9 – 10.) They said a protective order is "necessary to afford the Parties the protection allowed under Federal Rule of Evidence 502(d)." (*Id.* ¶ 9.) They say, "Indeed, orders issued pursuant to Rule 502(d) have become common in complex civil litigation." (*Id.*)

Rule 502 applies "to the disclosure of a communication or information covered by the attorney-client privilege or work-product protection." Fed. R. Evid. 502. Specifically, Rule 502(d) says, "A federal court *may* order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d) (emphasis added). The parties included no case law on this rule.

Rule 502(d) protects parties who unintentionally disclose information protected by the attorney-client privilege or work-product protection. Fed. R. Evid. 502. Its drafters intended Rule 502 to alleviate the costs of privilege review and retention. Fed. R. Evid. P. 502(d) advisory committee notes. The parties have not argued that entry of their proposed protective order is necessary to protect information protected by the attorney-client privilege or work-product protection. Nor have they shown that Rule 502(d) operates to protect what they seek to protect here: the "confidential or proprietary information" of Marathon or third parties.

In the Court's estimation, Rule 502(d) operates independently of, and does not rely upon, any protective order. The former creates a method for retrieving inadvertently produced documents; the latter acts to shield from the view of certain persons documents intentionally

produced. Nothing in 502(d) calls for or requires the limiting factors inherent in a protective order.

Furthermore, Rule 502(d)'s plain language indicates that the Court *may*, but is not required to, order that a party does not waive attorney-client privilege or work-product protection by inadvertently disclosing documents protected by privilege or protection. Most of all, even if these orders are "common in complex civil litigation," that a practice is common does not mean that it is required, nor does it mean that it is proper under the Federal Rules of Evidence. Thus, the Court finds that the parties have not shown that Rule 502(d) applies to this proposed protective order.[1] Accordingly, the Court will decline to adopt the language from the parties' proposed order referring to Rule 502(d) (¶¶ 22 – 25).

Second, the parties' proposed order requires a party filing a document containing protected information to file that document under seal and file an unsealed, redacted version. (DN 62, ¶ 19.) Under Local Rule, if a party believes that certain information should be filed under seal, the party must file a separate motion demonstrating the appropriateness of the seal. Joint General Order 16-03 § 8.1(a)(1). "The motion must state why sealing is required and whether redaction could eliminate or reduce the need for sealing." (*Id.*) The Court will not order materials to be filed under seal solely on the basis of the parties' agreement. Accordingly, the Court will decline to adopt the language from the parties' proposed order (¶ 19) requiring certain documents to be filed under seal.

**Conclusion**

---

[1] Although the Court concludes that the Rule 502(d) does not apply to this protective order, this ruling does not preclude the parties from seeking appropriate relief under that Rule at a later date.

The Court will grant in part and deny in part the parties' joint motion for a protective order. The Court will enter the agreed protective order subject to the two exceptions described above.

## Order

The Court **GRANTS** in part and **DENIES** in part the parties' joint motion for a protective order (DN 62).

The Court **ORDERS** as follows:

1. Entry of this Protective Order is appropriate because discovery in this action may involve confidential or proprietary information of the defendant and third-parties. As a public entity, the Commonwealth is subject to Kentucky's open records laws (KRS 61.70 et seq.). If the Commonwealth receives an open records request that seeks the production of something exchanged in discovery, the Commonwealth may not refuse to produce it on the basis of a private agreement with the Defendant. As a result, entry of a Protective Order is necessary to ensure that discovery materials that are legally entitled to protection from disclosure receive that protection. Moreover, if a Protective Order is not entered, the Kentucky Circuit Court would need to rule on the confidentiality of discovery materials responsive to an open records request. Entering the Protective Order avoids the situation of two courts dealing with confidentiality issues arising from discovery in this case, and ensures that this Court, which will be more familiar with the issues, makes those determinations.

2. Except to the extent required by law, this Protective Order shall apply, and the procedures described herein shall be adopted with respect to all Discovery Material that any

Party or non-Party marks as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in accordance with this Protective Order. A Party or non-Party making such designation in accordance with this Protective Order is hereinafter referred to as a "Designator."

## Protected Information

3. For the purpose of this Protective Order, "Discovery Material" shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other information produced, subpoenaed, transcribed from depositions, or otherwise given to any Party in this Action by another Party or by a non-Party in connection with discovery (whether in the form of deposition transcripts, interrogatory answers, document productions, responses to requests for admissions, affidavits, declarations, or other discovery). Discovery Material also shall include any documents, things or information produced voluntarily or by agreement without the receipt of a formal discovery request, and designated as Protected Information by any Party or non-Party in their response.

4. For the purpose of this Protective Order, "Protected Information" shall mean Discovery Material, marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Protective Order, which contains confidential commercial, trade secret, or other information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or any other applicable statute, regulation, court order or rule, or common law rule restricting disclosure. The Designator shall not designate as "Protected Information" documents that are publicly available. No Protected Information or any copy, excerpt, or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided herein, whether it is a document (electronic or otherwise), information contained in a document,

information revealed during a deposition or testimony, information revealed in a discovery response, or information otherwise revealed.

5. To designate Discovery Materials as "ATTORNEYS' EYES ONLY," the Designator must be a non-Party and must have a reasonable, good faith belief that disclosure of the Discovery Materials to any officer, director, or employee of Defendant in this Action would create an undue risk of significant competitive injury to the Supplying Party's business that would not exist in the absence of such disclosure. Non-Party Protected Information designated as such, or any copy, excerpt, or summary thereof, or the information contained therein, shall be subject to all the conditions and limitations set forth in this Protective Order. Any non-Party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-Party's claim of confidentiality and bears the burden of establishing its claim of confidentiality in such proceedings.

### Access to and Use of Protected Information

6. No Protected Information, or any copy, excerpts or summary thereof, or the information contained therein, shall be used for any purpose other than this litigation, except by Court Order or as otherwise required by law. Notwithstanding anything else in this paragraph or this Order, the Plaintiff may disclose documents and information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within the Office of the Attorney General of the Commonwealth of Kentucky for purposes of an ongoing investigation of, or an enforcement proceeding relating to, any violation of any civil or criminal law that the Attorney General has the authority to enforce, provided that such person is informed of the Office's obligations under this Order, and that anyone outside the Office of the Attorney General to whom such disclosure is made must execute the Confidentiality Agreement Pursuant to Protective Order (Exhibit A to this Order).

Should the Plaintiff wish to share documents and information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with any other government cabinet, department, or agency of the Commonwealth, the federal government, or any other state, the Plaintiff must, prior to disclosure, provide ten business days' notice to the Designator to allow the Designator to seek an opportunity to challenge that disclosure in this Court unless the Attorney General finds that immediate action is required in the public interest, in which case all reasonable efforts will be made to limit disclosure of properly designated Protected Information. Should the Designator challenge the disclosure, the documents and information at issue shall not be disclosed until and unless such disclosure is permitted by this Court.

7. Protected Information designated as "CONFIDENTIAL", or any copy, excerpts or summary thereof, or the information contained therein, shall not be disclosed by the person receiving it to any other person without the prior written consent of the Designator or an order of the Court, except to the following:

a. This Court and its personnel and any reviewing court and its personnel;

b. Outside Counsel of record for the respective parties in this Action and their colleagues, secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this Action;

c. The Attorney General of Kentucky, Deputy and Assistant Deputy Attorneys General, Assistant Attorneys General, Special Assistant Attorneys General and their secretaries, legal assistants, investigators, or other support personnel as reasonably necessary to assist them in this Action;

d. Inside counsel for Defendant, including their secretaries, legal assistants, or other support personnel as reasonably necessary to assist inside counsel in this Action, provided each attorney executes the agreement attached hereto as Exhibit A;

e. Current officers, directors, and employees of the Parties who are reasonably necessary to assist counsel in the preparation and litigation of the Action, provided each such person first executes the agreement attached hereto as Exhibit A;

f. Any outside consultants and experts or litigation support services, including outside copying services, retained to assist in the prosecution or defense of this action, and any necessary assistants and clerical employees under their direct supervision and employed by them or their employer or organization, provided each such person executes the agreement attached hereto as Exhibit A, and further provided that persons within this paragraph may only receive Protected Information if those persons are retained, in good faith, solely to assist in the prosecution or defense of this action, and are not serving, and have not served, as an officer, director or employee of any party or any competitor of the Defendant, including without limitation the entities identified in Exhibit B;

g. Any person who prepared, authored or originated the document or who is indicated on its face as a recipient of the original or copy thereto or who otherwise legitimately received a copy of the document in the ordinary course of business prior to the filing of this litigation;

h. Any officer, director, or employee of the entity by which the document was produced; and

i. Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Protected Information is disclosed provided such persons are subject to confidentially undertakings with their employers with respect to the information disclosed or who have read and executed the agreement attached hereto as Exhibit A.

8. Protected Information designated as "ATTORNEYS' EYES ONLY", or any copy, excerpts or summary thereof, or the information contained therein, shall not be disclosed by the person receiving it to any other person without the prior written consent of the Designator or an

order of the Court, except to the individuals listed in subsection (a) – (d) and (f) – (i) of the preceding paragraph.

9. Any Discovery material considered by a Party or non-Party to contain Protected Information shall be marked "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in a readily visible or noticeable manner. In the case of documents, interrogatory responses, and responses to requests for admission, Protected Information shall be designated by a stamp or designation on each such document or response prior to production or service. Any Party photocopying or otherwise duplicating Protected Information shall ensure that the "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" designation appears clearly on any such copies or duplicates.

10. Nothing in this Protective Order shall preclude any party in this Action or its attorneys from disclosing or using, in any manner or for any purpose, any information or documents from its own files or records which the party itself has designated as containing Protected Information.

11. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from tendering advice to clients with respect to this Action and in the course thereof, referring to or relying upon the attorney's examination of Protected Information, so long as the attorney does not disclose Protected Information.

12. Protected information may be used or referred to in a deposition. Whenever Protected Information is to be referred to or disclosed in a deposition, any Party or non-Party may exclude from the room during such testimony any person (other than the witness) who is not authorized to receive Protected Information under this Protective Order. Any testimony given in any deposition may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by any Party or non-Party, respectively, by making such designation on the record. A Party or non-Party may also make such designation in writing to the court reporter within fourteen days after the

transcript has been made available to the Party or non-Party making the designations, and notice of such designation is sent to all Counsel of Record. Whenever any Protected Information is identified as an exhibit in connection with testimony given in any deposition proceeding in this Action, it shall be so marked, if it has not previously been marked, and treated in accordance with this Protective Order. Only persons listed in Paragraphs 7 and 8 (and who, if necessary, have executed Exhibit A) shall be entitled to obtain copies of that portion of the transcript and/or exhibit. Depositions shall be treated as "ATTORNEYS' EYES ONLY" until specific designations are made by a Party or non-Party as to Protected Information pursuant to this Protective Order or until the 14-day period for making such designations has expired, whichever occurs first.

13. All Parties, their Counsel, and all persons designated in Paragraphs 7 and 8 above who obtain Protected Information shall take all necessary and appropriate measures to maintain the confidentiality of the Protected Information, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

### Challenges to Designations

14. Any Party may at any time notify a Party or non-Party asserting a claim of confidentiality, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of the Party's objection to the designation of any information, documents, or testimony as Protected Information. In that event, the challenging Party and Designator shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be informally resolved within three business days, either the Designator or the challenging Party may seek an appropriate ruling from the Court. If within 21 days following the attempted resolution, no party has appealed to the Court for a ruling, the documents will be

deemed de-designated. In any such application for a ruling, the Designator shall have the burden of proof to establish that the designated material is in fact entitled to be treated as Protected Information. The information at issue shall continue to be treated as Protected Information pursuant to this Protective Order until the Parties agree or the Court rules otherwise. No Party in this Action shall be obliged to challenge the propriety of the designation of any Protected Information. Failure to bring such challenge shall not preclude any subsequent objection to the designation and shall not preclude any request for permission from the Designator or any other appropriate action in any forum to disclose such Protected Information to persons not referred to in this Protective Order.

**Protected Information Subpoenaed or Ordered Produced in Other Litigation**

15. Should any non-Party, by way of subpoena, bona fide discovery, or open records law request, seek disclosure from a Party of Protected Information designated by any other Party or non-Party, the Party receiving the request shall promptly send that portion of the discovery request relating to the request for Protected Information to Counsel for the Designator upon concluding that such Discovery Request may call for the production of Protected Information. (Notice shall also be given to Counsel of Record for the Parties if the Designator is a non-Party.) Unless the Designator waives its claim of confidentiality over the requested documents or elects at its discretion, without waiving its claim of confidentiality, to consent to production of its Protected Information subject to protections suitable to the Designator, the recipient of the request will inform the non-Party seeking disclosure that the information requested is Protected Information protected by this Protective Order and that such non-Party will have to seek an appropriate ruling from this Court; provided, however, nothing in this Protective Order requires a recipient of Protected Information to defy an order from another court to produce Protected Information.

**Disclosure of Protected Information and Restrictions**

16.     Inadvertent or unintentional disclosure of Protected Information shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim of confidentiality with respect to the information so disclosed. A Party or other person making such inadvertent disclosure must give prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered. Upon receiving written notice that Protected Information has been inadvertently produced without a designation of "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," the receiving Party shall treat the information as Protected Information. Inadvertent disclosure of the document or information shall not be deemed a violation of the provisions of this Protective Order, but all reasonable steps shall be taken to protect such inadvertently disclosed information after notification is received in accordance with this Protective Order.

17.     Throughout and after the conclusion of this Action, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Protected Information has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court.

18.     Nothing herein shall restrict a person authorized to receive Protected Information under this Protective Order from making working copies, abstracts, digests, and analyses of such information for use in connection with these proceedings.  An authorized recipient shall at all times keep secure all notes, abstractions, or other work product containing Protected Information; shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the Protected Information in said notes, abstractions or other work product except as otherwise permitted by this Protective Order. Nothing in this Protective Order requires the Receiving Party's counsel to disclose work product at the conclusion of these proceedings.

**Final Disposition**

20. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

21. Within 60 days after the conclusion of this Action, i.e., after there is a final judgment no longer subject to appeal, all Protected Information shall be returned to that Designator, or destroyed, except that any Party that received Protected Information and its counsel may maintain archive copies of all pleadings, correspondence, depositions, deposition exhibits, trial transcripts, and trial exhibits, together with any attorney work product. If any Party elects to destroy rather than return any Protected Information to the Designator, it shall provide the Designator with a certificate of destruction signed by the person destroying the documents designating the documents destroyed and the date of destruction. This paragraph shall not apply to the working files of the Plaintiff, which shall be maintained in accordance with the applicable records retention schedule of the Commonwealth; provided, however, that this paragraph shall apply to any documents or information covered by this Order that are not part of the working files of the Plaintiff as identified in that records retention schedule.

**Miscellaneous**

22. Counsel for the Parties shall use their best efforts to ensure that the provisions of this Protective Order are adhered to by each Party they represent and by those acting on its behalf.

23. Nothing herein shall affect any Party's right to seek modification of this Protective Order.

24. Nothing in this Protective Order shall prevent any of the parties from using any Protected Information in connection with any trial or hearing in this action. Any issues regarding the use of Protected Information at trial of this matter, or during any post-trial proceeding, shall be discussed or resolved prior to or at the pretrial conference in this matter or at the trial or hearing itself.

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, EX REL, ATTORNEY GENERAL, ANDY BESHEAR<br><br>Plaintiff,<br><br>v.<br><br>MARATHON PETROLEUM COMPANY, LP<br><br>Defendant. | Case No. 3:15-cv-00354-DJH<br><br>Judge David Hale |

## CONFIDENTIALITY AGREEMENT PURSUANT TO PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that I have received a copy of the Stipulated Protective Order entered or to be entered in this Action, to which this Agreement was attached as Exhibit A, have read it, and agree to be bound to the terms of the Protective Order, including that I shall not use Protected Information or the information contained therein, for any purpose not permitted by the Protective Order; that I shall return to Counsel supplying me with said Protected Information, at the earlier of the end of my involvement or the conclusion of this Action, including any appeals therein, all copies of such Protected Information that has been provided to me, including all notes, abstracts, summaries and excerpts prepared from Protected Information that have not otherwise been destroyed by me and certify to such Counsel that all Protected Information in my possession has been returned to such Counsel or destroyed; that I shall not make any copies of Protected Information for any purpose not permitted by the Protective Order; and, that I shall not provide Protected Information to anyone else who has not executed this Agreement or who, pursuant to Paragraph 8 of the Protective Order is not entitled to receive Protected Information without executing this Agreement. I further understand that I shall remain bound by the Protective Order after the conclusion of this Action unless otherwise ordered by the Court or a court of competent jurisdiction. I understand that violation of this Protective Order may constitute contempt of an Order of the Court.

Dated: _____

Signature: _____

Name: _____
Address: _____
_____

# EXHIBIT B

## List of Entities

Allied Energy
American Refining
Apex Energy
BP
Buckeye Energy
Cenex
Center Oil
Chevron
Citgo Petroleum
Coastal Energy
CountryMark
Ergon Refining
ExxonMobil Oil
Flint Hills Resources
Global Petroleum
Growmark
Gulf Oil
Hartland Fuel Products
Huguenot Fuels
Hunt Refining Company
Husky
Irving Oil
JD Streett
Kinder Morgan
Lion Oil
Maples Gas Company (MGC)
Murphy Oil
Musket Corp
Mystik
NGLCrLog
Noble Americas Corp
Noco Energy Corp
Northville Corp
Parker Oil Company
PBF Energy
Petrocom Energy
Placid Refining Company
Protec Fuel
Phillips (PSX)
Shell Oil
Sinclair
Southern States
SPP Refining (Northern Tier Energy)

Sprague Energy
Sunoco
Tesoro
Texaco
TransMontaigne
U.S. Oil
United Energy Plus  (UEPT)
United Refining Company
Valero
Vitol
Western Petroleum
Western Refining