UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-354-DJH

COMMONWEALTH OF KENTUCKY,	Plaintiff,

v.

MARATHON PETROLEUM COMPANY LP,	Defendant.

### Memorandum Opinion and Order

Before the Court are two motions – the motion of Plaintiff Commonwealth of Kentucky ("Commonwealth") to mend its first amended complaint (DN 71) and the motion of Defendant Marathon Petroleum Co. LP ("Marathon LP") for leave to file a sur-reply in opposition to the Commonwealth's motion for leave to amend (DN 80.) For the following reasons, Marathon LP's motion is **GRANTED**, and the Commonwealth's motion is **GRANTED**.

### I. Background

In May 2015, the Commonwealth filed a complaint against Marathon LP, alleging violations of the Sherman Act, the Clayton Act, and state antitrust laws. (DN 1, #1.) The Commonwealth later amended its complaint. (DN 18.) Nearly a year later, Marathon LP's motion to dismiss the amended complaint was denied on all grounds except for the Commonwealth's unjust enrichment claim. (DN 41, #426.) The Commonwealth's present motion seeks to add two related entities to the litigation as defendants – Marathon Petroleum Corp. ("Marathon Corp.") and Speedway LLC ("Speedway"). (DN 71-1, #704.) To the best of the Court's understanding, Marathon LP initially consented to the Commonwealth's proposed joinder, provided that the Commonwealth agreed to a stipulation that it would not seek discovery directly from Marathon Corp. or Speedway. (DN 76, #784.) Marathon LP had already agreed to

provide a limited amount of documents from both Speedway and Marathon Corp., even though it claimed it did not have control or possession of them. (*Id*.) In its reply brief, the Commonwealth disavowed any promise it had purportedly made to limit its discovery requests. (DN 79, #836.) Believing that the Commonwealth had backtracked on its previous representations to both it and this Court, Marathon LP sought leave to file a sur-reply. (DN 80.)

## II. Legal Standards

Federal Rule of Civil Procedure 15(a) allows parties to amend their pleadings once as a matter of course, so long as it is done within 21 days of service of process. It also allows amending if "the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Federal Rule of Civil Procedure 15(a)(2) allows parties to make consecutive amendments to their pleadings only with leave of the opposing party or the court. The latter should allow amendments when justice so requires. *Id*.

Federal Rule of Civil Procedure 20(a)(2) governs the permissive joinder of defendants. The Court, in its discretion, may allow the joinder of additional defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and**
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). The Court has broad discretion in allowing or disallowing the joinder of parties, and the purpose of Rule 20(a)(2) is to foster judicial economy and trial convenience. *Amtote International Inc. v. Kentucky Downs, LLC*, 2017 WL 1829782 (W.D. Ky. May 5, 2017) at *1 (citing *Dejesus v. Humana Ins. Co.*, 2016 WL 3630258 (W.D. Ky. June 29, 2016) at *2).

In regards to Marathon LP's motion to file a sur-reply, while the Federal Rules of Civil Procedure do not explicitly permit the filing of sur-replies, the Court has discretion as to when to allow their filing; appropriate circumstances include "[w]hen new submissions and/or arguments are included in a reply brief, and a non-movant's ability to respond to the new evidence has been vitiated." *Davis v. Trigg County, Kentucky*, 2016 WL 7105931 (W.D. Ky. Dec. 5, 2016) at *3 (quoting *Key v. Shelby City*, 551 Fed. App'x 262, 265 (6th Cir. 2014)).

### III. Analysis

The Court will address Marathon LP's motion for leave to file a sur-reply first, as it factors into the Court's analysis of the Commonwealth's Motion to Amend.

### A. Marathon LP's Sur-Reply

In support of its motion, Marathon LP argues that the Commonwealth "uses its [r]eply to not only assert new arguments, but to contradict those made in its memorandum in support of its motion for leave to file a second amended complaint . . . that were the focal point of Marathon LP's conditional non-opposition thereto." (DN 80, #845.) Marathon LP contends that in its first brief, the Commonwealth argued that the Court should grant its motion to amend mostly on the grounds that no discovery would be expected out of either Speedway or Marathon Corp and that the overall scope of discovery would remain the same. (*Id.*) But according to Marathon LP, the Commonwealth backed away from this assertion in its reply brief, now saying that discovery may be "affected" by the motion to amend. (*Id.*) Without a sur-reply, Marathon LP believes that it cannot adequately respond to the Commonwealth's new position and arguments. (*Id*. at #846.)

The Court agrees with Marathon LP. Marathon LP's position of non-opposition in its response brief was based on the Commonwealth's repeated assertions that if it was allowed to add Speedway and Marathon Corp. as defendants, it would not expand the scope of discovery to include requests directly to the two new defendants. (DN 80, #845.) In the Commonwealth's

Motion to Amend, it asserted that "the scope of discovery would be **entirely unaffected** by the [joinder of Marathon Corp. and Speedway]." (DN 71-1, #708) (emphasis added.) But in its reply brief, the Commonwealth hedged, now claiming "the addition of two defendants is **not expected** to alter the **overall scope** of discovery" and "[t]he Commonwealth has not and would never relinquish its ability to pursue any discovery necessary to support its claims." (DN 79, #836–37.) (emphasis added.) In other words, first the Commonwealth affirmatively promised that the scope of discovery would not be impacted by Marathon Corp. and Speedway's joinder, but then it changed its position to "maybe it will, maybe it won't." It should also be noted that Marathon LP attempted to have the Commonwealth sign a stipulation based on its representations of not expanding the scope of discovery, but the Commonwealth refused. (DN 76, #785.)

The Court concludes that Marathon LP should be afforded an opportunity to respond to the Commonwealth's new position that the joinder may result in the expansion of the scope of discovery. It is only fair that Marathon LP be allowed to respond to the Commonwealth's new position. Therefore, the Court will consider Marathon LP's tendered sur-reply brief in its analysis of the Commonwealth's Motion to Amend. The Court will also disregard the Commonwealth's first assertion that the scope of discovery will be "entirely unaffected" by the proposed joinder. (DN 71-1, #708.)

### B. The Commonwealth's Motion to Amend
<u>1. Whether the Motion Should be Granted Under Fed. R. Civ. P. 15(a)</u>

The Commonwealth contends that it should be allowed to amend its pleadings to include Speedway and Marathon Corp. because it will "ensure [the Commonwealth's] ability to obtain complete injunctive relief for Kentucky consumers should it prevail in the litigation. (DN 71-1, #707.) Moreover, the Commonwealth argues that its amendment passes muster under the

Supreme Court's *Foman* test, which lists factors that the District Court is to consider in determining whether to grant a plaintiff's permissive Motion to Amend. (*Id.*) Marathon LP's main opposition to allowing the joinder of Speedway and Marathon Corp. is the alleged heavy prejudice that would befall the new defendants via their new-found discovery obligations. (DN 76, #790.) According to Marathon LP, it has agreed to provide "certain limited information from Speedway and selected Speedway custodians," but other than that, Marathon Corp. and Speedway have not been involved in the case. (*Id.*) These new discovery obligations would be "extremely prejudicial" to Marathon LP, Marathon Corp., and Speedway. (*Id.*)

"Where the underlying facts would support a claim[,] leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F. 3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A finding of prejudice is the most significant of the *Foman* factors, however. *Moore v. City of Paducah*, 790 F. 2d 557, 562 (6th Cir. 1986) (If a court is to deny a motion to amend, there must be "at least some significant showing of prejudice to the opponent"). So far during discovery, Marathon LP has agreed to produce documents pertaining to 59 individuals, over two dozen of whom are connected to Marathon Corp. or Speedway, including Marathon Corp.'s CEO and four senior vice presidents. (DN 79, #841.) On the other hand, there is no evidence contained within the record of any *Foman* factor except potentially for prejudice. Marathon LP has not suggested as such. Thus the Court's analysis will be limited to determining if there would be any undue prejudice to Marathon LP, Speedway, or Marathon Corp. if the amendment were to be granted.

The Court finds that allowing the Commonwealth to join Marathon Corp. and Speedway to the present action will not unduly prejudice either of them or Marathon LP. Marathon LP's argument against allowing joinder appears to be that by forcing Marathon Corp. and Speedway to undergo discovery disclosures, they will suffer "significant [burdens]." (DN 76, #790.) But requiring a party to undertake discovery in its beginning phases does not result in significant prejudice to that party, unlike in cases where a party is joined after discovery formally closes. *See Duggins v. Steak 'N Shake, Inc.*, 195 F. 3d 828, 834 (6th Cir. 1999) (citing *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15 (1st Cir.1979), *Campbell v. Emory Clinic*, 166 F.3d 1157 (11th Cir.1999); *MacDraw, Inc. v. CIT Group Equip. Financing, Inc.*, 157 F.3d 956 (2d Cir.1998); *Ferguson v. Roberts*, 11 F.3d 696 (7th Cir.1993); *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196 (3rd Cir.1989)). It would not be unduly prejudicial for Marathon Corp. or Speedway to have to produce documents and other records in discovery, much like every other party is required to do. This case is in an early stage; no depositions have been taken; no trial date has been set; and the deadline for dispositive motions is quite a ways off. Speedway and Marathon Corp. cannot claim undue prejudice simply because they may have to respond to discovery requests.

Therefore, the Court concludes that joinder of the two additional parties is proper under Rule 15(a).

2. Whether the Potential Joinder is Permissible Under Fed. R. Civ. P. 20

The Supreme Court has stated that where there is a common question of fact or law and the claim against the new defendant arises out of the same transaction or occurrence, a plaintiff may join a new defendant into an existing action. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). In the Sixth Circuit, the term "transaction or occurrence" is given a broad interpretation. *Lasa Per L'Industria Del Marmo Societa Per Azioni* v. Alexander, 414 F.2d 143, 147 (6th Cir. 1969).

"The purpose of Rule 20(a) is to promote judicial economy and trial convenience." *Nevada-Martinez v. Amhad*, 2016 WL 1559426 (E.D. Ky. April 15, 2016) at *13 (quoting *Evans v. Midland Funding*, LLC, 574 F. Supp. 2d 808, 811 (S.D. Ohio 2008)).

The Court finds that joinder of Marathon Corp. and Speedway complies with the requirements of Rule 20(a). There is a common question of law and fact that applies to all three proposed defendants (whether they collectively, as branches of the same corporate entity, engaged in a scheme to unlawfully suppress competition and fix prices), and Speedway and Marathon Corp. are alleged to have done so through the same transaction or occurrence (the alleged price-fixing scheme) as Marathon LP. Moreover, the joinder of the additional defendants will achieve the goal of judicial economy, as the Commonwealth will not be forced to file additional, separate lawsuits against Speedway or Marathon Corp.

### IV. Conclusion

For the foregoing reasons, Marathon LP's motion is **GRANTED**, and the Commonwealth's motion to amend is **GRANTED**.

### Order

The Commonwealth's Motion to Amend its First Amended Complaint (DN 71) is **GRANTED**. The Commonwealth shall file an amended complaint identical to its proposed second amended complaint. (DN 71-3.)

cc: Counsel of record