**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:15-CV-354-DJH-CHL**

COMMONWEALTH OF KENTUCKY,                                              Plaintiff,

v.

MARATHON PETROLEUM COMPANY LP, et al.
MARATHON PETROLEUM CORPORATION, et al.
SPEEDWAY, LLC, et al.                                              Defendants.

<u>**Memorandum Opinion and Order**</u>

Before the Court are numerous motions to seal filed by both plaintiff Commonwealth of Kentucky ("the Commonwealth" or "Plaintiff") and defendants Marathon Petroleum Company LP, Marathon Petroleum Corp. and Speedway LLC ("Marathon" or "Defendants").  The Court will address the motions by grouping for clarity.

For the reasons set forth below:

The Commonwealth's Motion DN 197 is **GRANTED.**

The Commonwealth's Motions DNs 164, 192, 202, 213 are **GRANTED IN PART** and **DENIED IN PART**.

Marathon's Motions DNs 155, 166, 189, 194, 198, 211, 210, 214 are **GRANTED**.


I.        **Statement of Facts and Procedural History**

The Commonwealth's second amended complaint alleges that Marathon has engaged in anticompetitive conduct in violation of the Sherman Act, Clayton Act, and Kentucky's Consumer Protection Act, through its business dealings in Louisville and northern Kentucky.

(DN 88, at PageID #1087.)  Essentially, the Commonwealth alleges that Marathon has entered into contracts with various gasoline retailers for the distribution of its reformulated gasoline ("RFG") that restrict its competitors' ability to challenge Marathon's market dominance. (*Id.* at 1087–88.)  The Commonwealth has alleged, inter alia, that these distribution agreements unlawfully restrict the gasoline retailers' ability to purchase RFG from Marathon's competitors; separate contracts allegedly include deed restrictions that prevent competitors from entering the market.  (*Id.*)

Previously, this Court granted the Commonwealth's motion to amend its complaint.  (DN 86.)  The Commonwealth subsequently filed its second amended complaint, which added Speedway LLC and Marathon Petroleum Corp. as co-defendants alongside Marathon Petroleum Co. LP.  (DN 88.)  Marathon Petroleum Corp. promptly filed a motion to dismiss for a want of personal jurisdiction (DN 92).  A settlement conference was held on February 1, 2018 and parties were unable to come to an agreement.  (DN 122.)  On September 26, 2018, the Court denied Marathon Corp.'s and Speedway's motion to dismiss.  (DN 147.)  On November 20, 2018, Marathon filed its motion for summary judgment based on lack of personal jurisdiction.  (DN 156.)  On April 5, 2019, Marathon filed a motion to exclude expert testimony and opinions of Plaintiff's expert Dr. Michael J. Sattinger (DN 191) and a motion for summary judgment on all claims.  (DN 195.)  That same day, the Commonwealth also filed a motion to exclude the testimony and opinions of Marathon's experts Ramsey Shehadeh and Michael Baye.  (DN 193.)

## II.     Summary of Law

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp*., 710 F.2d at 1179. The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient. *Id*.; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich*., 825 F.3d 299, 305 (6th Cir. 2016). Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane Grp. Inc.*, 825 F.3d at 307. Examples of injuries sufficient to justify a sealing of judicial records include those that could be used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane Grp. Inc*., 825 F.3d at 306. Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd Equipment Co., Inc*., 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane Grp. Inc.*, 825 F.3d at 305

("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.")

### III.     Analysis

A. <u>Marathon's Motion for Summary Judgment- Personal Jurisdiction</u>

First, the Court addresses the parties' request to seal certain documents related to Marathon's motion for summary judgment based on lack of personal jurisdiction. (DNs 155, 164, 166.)

Marathon requests the Court issue an order to seal portions of its memorandum in support of its motion for summary judgment based on lack of personal jurisdiction as well as supporting Exhibits C, E, F, G and H.  (DN 156.)  The supporting exhibits are supply agreements for the sale of gasoline products in Louisville, northern Kentucky, and the surrounding areas of Kentucky with third parties, as well as amendments to and renewals of those agreements.  (DN 155, at PageID #3379.) Exhibits F and G also include contract renewal analyses produced by Marathon LP prior to entering into the supply agreements.  (*Id.* at PageID #3380.) Marathon contends the supply agreements and renewal documents contain sensitive pricing, volume and other commercial term information of third parties with whom Marathon negotiated.  (*Id.* at PageID #3381.)  Marathon states the corresponding portions of the memorandum in support of the motion for summary judgment based on a lack of personal jurisdiction contain a detailed discussion of these exhibits and the images embedded at pages 7-9 are taken directly from Exhibits C and E.  (DN 156, at PageID #3402; DN 155, at PageID #3380.) Marathon states the

Court has previously granted Defendant leave to file Exhibits C, E, F and G under seal. (*Id*. at PageID #3379; DN 136, at PageID #3258.)

Marathon contends it would be harmed if the documents are not sealed as it would compromise its ability to negotiate competitive supply agreements with other third parties in the future. Marathon also argues the Court should also consider the harm to the competitive standing of the third parties to the agreements contained in the Exhibits as well. (DN 155, at PageID #3383.)

The Commonwealth requests that the Court seal the highlighted portions of its opposition to Marathon's motion for summary judgment based on lack of personal jurisdiction and accompanying Exhibits B and D-H of the Declaration of Todd Leatherman. (DN 164, at PageID #4386.) Other than the fact that these documents were disclosed by Marathon and marked as confidential, the Commonwealth does not offer any explanation as to why these documents should be protected from public disclosure. (DN 164, at PageID #4386.) However, upon review of the identified exhibits and corresponding portions of the Opposition to Defendant's Motion for Summary Judgment, Exhibits B and D are contract renewals with third parties and are duplicative of Exhibit F and Exhibit G attached to Marathon's memorandum in support of its motion for summary judgment. Exhibit E is a duplicate of a document sealed in below Section B of this Order. However, neither party has addressed a compelling interest served by sealing Exhibits F, G or H.

Marathon also requests that this Court seal the highlighted portions of its reply in support of its motion for summary judgment. (DN 167.) Marathon argues that in the Commonwealth's opposition to Marathon's motion for summary judgment, the Commonwealth cites to Marathon's

internally generated authorizations to renew supply agreements with third parties and the deposition testimony of an executive for Marathon LP. In order to respond to the opposition, Marathon in reply cites to and discusses these documents. Marathon argues that Exhibits B and D to the Commonwealth's opposition are its authorizations to renew supply agreements with third parties and include statements made by third parties during the negotiation of those agreements. (DN 166, at PageID #4390.) Marathon argues that its reply discusses the substances of Exhibits B and D to the Commonwealth's opposition and requests to seal those portions of the reply. Marathon argues that the Court has already granted leave to file these same documents under seal. (DN 136, at PageID #3264.)

First, the Court acknowledges that the public interest in these documents is low. The underlying motion is a motion for summary judgment addressing whether Marathon Corp has a legally sufficient business contacts in Kentucky such that it is subject to the jurisdiction of this Court. The portions of the motion for summary judgment, opposition, reply and the specific exhibits at issue are not being offered as evidence on the merits of the case.

Second, the Court is persuaded that there is a compelling reason to seal the documents requested by Marathon to protect both Marathon's and the contracting third parties' competitive standing in the marketplace since their bargaining power would be lost if their prior contractual terms were revealed to competitors. The "privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich*. 825 F.3d 299, 308 (6th Cir.2016) (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). At the time the third parties entered into contracts with Marathon, they had no reason to believe that the terms or internal communications regarding the terms of these agreements would

eventually become a matter of public record. The revelation of this information would harm both Marathon's and the third parties' ability to enter into supply agreements with other suppliers or maintain a competitive market position.

The Court believes Marathon's requests to seal are narrowly tailored to serve this compelling interest as Marathon has identified the pertinent portions of its memorandum in support of its motion for summary judgment and reply discussing the third-party supply agreements at issue. Marathon did not seek to seal the entirety of the case or hundreds of documents, but only the specific documents containing sensitive third-party information or a discussion thereof.

Accordingly, the Court **GRANTS** Marathon's motion to seal portions of Marathon's motion for summary judgment and corresponding Exhibits C, E, F and G. (DN 155.)

The Court **GRANTS IN PART** the Commonwealth's motion to seal portions of its opposition to the motion for summary judgment. (DN 164.) Specifically, the Court **GRANTS** the motion to seal the highlighted portions of the Commonwealth's opposition and corresponding Exhibits B, D and E of the Declaration of Todd Leatherman. The Court **DENIES WITHOUT PREJUDICE** the Commonwealth's motion as to Exhibits F, G and H of DN 165. Either party may file a renewed motion to seal within 30 days. The proffered documents shall remain **PROVISIONALLY SEALED** during the next 30 days. The Court directs the Clerk to unseal the same if no motion to seal is filed by the deadline set forth above.

The Court **GRANTS** Marathon's motion to seal the highlighted portions of its reply in support of its motion for summary judgment and corresponding Exhibits B and D. (DN 166.)

B. <u>Marathon's Motion to Exclude Expert Testimony of Michael J. Sattinger</u>

Second, the Court addresses the parties' request to seal certain documents related to Marathon's motion to exclude expert testimony and opinions of Plaintiff's expert Dr. Michael J. Sattinger. (DNs 189, 197, 208, 211.)

a. Motion to Exclude Testimony

Marathon requests the Court issue an order to seal portions of its motion to exclude expert testimony and opinions of Plaintiff's expert Dr. Michael J. Sattinger, portions of supporting Exhibits C, Q, R and S, and the entirety of Exhibits D, E, F, G, I, J, M, N and P. (DN 191.)

Marathon represents that the Court has already granted leave to file Exhibits G and P under seal. (DN 136, at PageID #3264.) Marathon argues that Exhibits D, E, I, G and P include a declaration and testimony from third party deponents regarding their decisions to enter into petroleum products agreements with Defendants and the terms thereof. (DN 189, at PageID #7856.) Further, Marathon states Exhibits Q, R and S include deposition testimony regarding its internal corporate structure, strategies for entering into different agreements, and key agreement terms and negotiations. (*Id*.) Marathon states the highlighted portions of Exhibit C, and the entirety of Exhibits I, J, M and N include discussions of Marathon's supply and exchange agreements, amendments and renewals of supply agreements, email correspondence between Marathon and third parties regarding contract negotiations and third-party strategy summaries to analyze draft contract language. (*Id*.) Marathon represents that the highlighted portions of its brief correspond to the exhibits requested sealed and as such Marathon move to seal those portions of the brief as well.

Similar to the above arguments in Section A, Marathon argues that the cited documents, declarations, expert reports, and testimony contain sensitive strategy, pricing, volume and other commercial information that, if made available to competitors and the public, would put Defendants and the third parties to those agreements at a disadvantage in the marketplace. (*Id*. 189, at PageID #7858.) Marathon argues that publicly disclosing these exhibits would allow its competitors to offer more competitive terms that they would otherwise offer. Marathon argues that publicly disclosing these exhibits would similarly compromise third parties' ability to negotiate and enter into competitive supply and exchange agreements as the documents reveal terms, prices and volumes those third parties may be willing to accept in Kentucky. (*Id*. at PageID #7860.)

First, the Court acknowledges that the public interest in these documents is low. The underlying motion is a *Daubert* motion addressing whether an expert's opinions do or do not meet Federal Rules of Evidence 702's standards.

Second, the Court is persuaded that there is a compelling reason to seal the documents to protect both Marathon's and the contracting third parties' competitive standing in the marketplace since bargaining power would be lost if their previous contractual terms were revealed to competitors.

The Court also believes the Marathon's request to seal is narrowly tailored to serve this compelling interest as Marathon has identified the pertinent portions of its motion to exclude expert testimony and the corresponding exhibits discussing the third party supply agreements at issue. Marathon has highlighted the relevant portions of the motion to be sealed and has selected pages from deposition transcripts containing sensitive commercial information. Marathon did

not seek to seal the entirety of this motion, but only the specific portions containing commercially sensitive third-party information or a discussion thereof.

Accordingly, the Court **GRANTS** Marathon's motion to seal portions of defendants' motion to exclude expert testimony and opinions of Plaintiff's expert Dr. Michael J. Sattinger, the supporting brief, portions of supporting Exhibits C, Q, R and S, and the entirety of Exhibits D, E, F, G, I, J, M, N and P. (DN 189)

    b.  Memorandum in Opposition to Motion to Exclude Testimony

The Commonwealth also requests the Court issue an order to seal portions of its memorandum of law in opposition to Marathon's motion to exclude the testimony and opinions of Michael J. Sattinger and accompanying Exhibits A-I and Exhibits L-V. (DN 200.) The Commonwealth states that the factual issues necessary to determine the expert testimony of Dr. Sattinger necessitate citation to several documents produced by Marathon and third parties designated as confidential. (DN 197, at PageID #11015.) The Commonwealth's motion is relatively lacking in substance.

However, Marathon has also filed a response in support of Plaintiff's motion to seal portions of its memorandum of law in opposition to Marathon's motion to exclude the testimony and opinions of Michael Sattinger and attached exhibits. (DN 208.) Marathon supports the Commonwealth's motion to seal portions of its opposition brief and attached Exhibits A-I and L-V. In addition, Marathon moves to seal additional portions of the Commonwealth's opposition brief, Plaintiff's Exhibits A-H and L-V in their entirety and portions of Plaintiff's Exhibit I. (DN 208, at PageID #13531.)

Marathon states that Exhibit Q is an early draft of a third party declaration that this Court has already granted leave to file under seal. (DN 136, at PageID #3264.) Marathon represents that Exhibits R through T are email correspondence that discuss the substance of Exhibit Q. (DN 208, at PageID #13531.) Marathon states Exhibits L and P consist of communications regarding supply and exchange agreements and amendments to and renewals of those agreements. (*Id.* at PageID #13531-13532.) Marathon states Exhibits E-H, M-O and Q-V include third party discovery encompassing email correspondence regarding contract negotiations; strategy summaries developed to analyze proposed draft contract language; a third party declaration attesting to Marathon's ability to negotiate with third parties and correspondence with Counsel discussing the substance of that draft; deposition testimony from third party deponents regarding their decision to enter into petroleum products agreements with Marathon; and internal market analysis and performance assessments. (*Id.* at PageID #13532.) Marathon contends all of this information is included in the expert reports and deposition testimony in the highlighted portions of Exhibit I, and the entirety of Exhibits A through D. Marathon states that the highlighted portions of the opposition brief discuss the substance of the exhibits for which both parties seek leave to seal. (*Id.* at PageID #13533.)

First, the Court acknowledges that the public interest in these documents is low. The underlying motion is a *Daubert* motion addressing whether an expert's opinions do or do not meet Federal Rules of Evidence 702's standards. Identical to its argument above, Marathon contends that the compelling reason to seal the documents is to protect both Marathon's and the contracting third parties' competitive standing in the marketplace since bargaining power would be lost if their previous contractual terms were revealed to competitors. The Court finds the

request is narrowly tailored as it does not prevent the public from viewing the substance of the Parties' arguments since the entirety of the opposition brief has not been sealed, only those portions discussing the commercial sensitive information and the corresponding exhibits.

Accordingly, the Court **GRANTS** the Commonwealth's motion to seal the highlighted portions of its memorandum of law in opposition to Marathon's motion to exclude the testimony and opinions of Michael J. Sattinger and accompanying Exhibits A-I and Exh. L-V (DN 200) for the reasons set forth in Marathon's response in support of Plaintiff's motion to seal portions of its memorandum of law in opposition to Marathon's motion to exclude the testimony and opinions of Dr. Michael J. Sattinger.  (DN 208.)

c.  Reply to the Motion to Exclude Testimony

Lastly, Marathon moves to seal portions of its reply in support of its motion to exclude expert testimony and opinions of Plaintiff's expert Michael Sattinger and portions of supporting Exhibit A and the entirety of Exhibits B, C, E and F.  (DN 212.)  Marathon contends that Exhibits E and F include third party discovery including a declaration regarding a supply agreement and deposition testimony from third party deponents regarding their decisions to enter into petroleum products agreements with Marathon and the terms thereof.  (DN 211, at PageID #13583.)  Marathon contends the highlighted portions of Exhibit A and the entirety of Exhibits B and C include expert reports and deposition testimony concerning supply and exchange agreements.  (*Id*.)  Marathon represents to the Court that the highlighted portions of the reply brief necessarily discuss the substance of the exhibits for which Marathon seeks leave to seal in the present motion to seal or other pending motions to seal.  (*Id*. at PageID #13584.)

For the same reasons above, the Court finds the public interest is relative low as this is a *Daubert* motion. Marathon makes the same argument as above that the compelling reason to seal the documents is to protect both Marathon and the contracting third parties' competitive standing in the marketplace since bargaining power would be lost if their previous contractual terms were revealed to competitors. The Court finds the request is narrowly tailored to achieve the compelling interest as it does not prevent the public from viewing the substance of the Parties' arguments since the entirety of the reply has not been sealed, and only those highlighted portions of the deposition transcripts discussing the commercial sensitive information are requested sealed.

The Court **GRANTS** the entirety of Marathon's motion for leave to seal portions of its reply in support of its motion to exclude expert testimony and opinions of Plaintiff's expert Michael J. Sattinger and certain attached exhibits. (DN 211.)

C. The Commonwealth's Motion to Exclude Expert Testimony of Ramsey Shehadeh and Michael Baye

Third, the Court addresses the parties' request to seal certain documents related to the Commonwealth's motion to exclude the testimony and opinions of Marathon's experts Ramsey Shehadeh and Michael Baye. (DNs 192, 196, 198, 210, 213, 218.)

a. Motion to Exclude Expert Testimony

The Commonwealth moves to seal portions of its motion to exclude the testimony and opinions of Marathon's experts Ramsey Shehadeh and Michael Baye, the supporting memorandum and accompanying Exhibits A, B, G, I, J, L-P, S-W of the Declaration of Todd Leatherman. (DNs 190, 193.)

13

The Commonwealth's motion to seal is relatively lacking in substance and states merely that Marathon designated these documents as confidential and the documents were produced pursuant to a protective order. The Commonwealth explicitly states, "Plaintiff takes no position on whether these documents are properly designated as confidential, and if Defendants do not make the requisite showing to support the sealing of these documents, the Commonwealth believes that it is in the public interest to disclose this information." (DN 192, at PageID #8228.) The party seeking to seal the record must show a countervailing privacy interest sufficient to outweigh the strong presumption in favor of public access to federal court records. (*Rudd Equipment Co. Inc.* at 594.)

The Commonwealth has failed to identify any compelling reason to seal these documents in its single paragraph motion. (DN 192.) Accordingly, the Commonwealth has failed to meet its burden of showing that a countervailing privacy interest exists sufficient to outweigh the strong presumption in favor of public access to the records.

However, Marathon submitted a response in support of the Commonwealth's motion to seal the highlighted portions of its motion to exclude the testimony and opinions of Marathon's expert and corresponding exhibits. (DN 196.) Marathon supports the Commonwealth's motion to seal the highlighted portions of its motion and Exhibits A, G, I, L, M, O, P, S, T, V and W in their entirety and portions of Plaintiff's Exhibits B, N and U. (*Id*. at PageID #10637.)

Marathon contends the Court previously granted leave to seal Exhibit T. (DN 136, at PageID #3264; DN 196, at PageID #10637.) Marathon argues Exhibits L, P and T consist of supply and exchange agreements, amendments to and renewals of those agreements for the sale of gasoline products regionally, and communications regarding those agreements. (DN 196, at

PageID #10638.)  Marathon represents that Exhibits I, S and W include third party discovery encompassing contract management checklists used to summarize key terms and track drafting milestones; strategy summaries regarding draft contract language; and internal market analyses and performance assessments.  (*Id.* at PageID #10638.)  Marathon contends Exhibits A, G, M, O and V in their entirety and portions of Exhibits B, N and U (reattached to the instant motion as Exhibits 2-4) are expert reports and deposition testimony regarding the agreements.  (*Id.* at PageID #10639.)  Marathon attaches as Exhibit 1 additional highlighted portions to the Commonwealth's motion to exclude that it also requests sealed since all of the highlighted material discusses the substance of the exhibits for which the Commonwealth seeks leave to seal. (*Id.* at PageID #10639.)

Similar to Section B, the Court finds the public interest in the Commonwealth's *Daubert* motion is relatively low.  Marathon makes the same argument as in the above Sections that the compelling reason to seal the documents is to protect both Marathon's and the contracting third parties' competitive standing in the marketplace since bargaining power would be lost if their previous contractual terms were revealed to competitors.  The Court believes the parties' request to seal is narrowly tailored to serve this compelling interest as Marathon has identified the pertinent portions of the motion to exclude and the corresponding exhibits discussing the third party supply agreements that implicate the compelling interest of competitive standing. Marathon has further selected pages from deposition transcripts and expert declarations containing information regarding supply agreement renewals with third parties.  Marathon did not seek to seal the entirety of this motion or the entirety of deposition transcripts of its experts,

but only the specific exhibits containing commercially sensitive third-party information or a discussion thereof.

The Court **GRANTS IN PART** the Commonwealth's motion to exclude the testimony and opinions of Marathon's experts Ramsey Shehadeh and Michael Baye, the supporting memorandum and accompanying Exhibits A, B, G, I, J, L-P, S-W of the Declaration of Todd Leatherman (DN 192) based on the arguments set forth in Marathon's response in support of the Commonwealth's motion to seal portions of its motion to exclude the testimony and opinions of Marathon's experts Ramsey Shehadeh and Michael Baye in its entirety. (DN 196.) Specifically, the Court **DENIES WITHOUT PREJUDICE** the Commonwealth's request to seal the entirety of the deposition transcripts filed as Exhibits B, M, and U. However, the Court **GRANTS** the remainder of the Commonwealth's motion. Either party may file a renewed motion to seal within 30 days. Marathon is ordered to file supplemental redacted versions of these deposition transcripts to replace the entirety of the Commonwealth's transcripts as Exhibits B, M and U within 30 days. The proffered seal documents Exhibits B, M and U to DN 193 shall remain **PROVISIONALLY SEALED** during the next 30 days. If no motion to seal or supplemental redacted versions of Exhibits B, M and U are filed by the deadline set forth above, the Clerk shall unseal the same.

Lastly, Marathon subsequently filed DN 210 which is Marathon's motion to seal the highlighted portions of Exhibits 1 through 4 attached to Marathon's above response. (DN 196). Defendants state that on April 19, 2019, Defendants inadvertently filed unsealed versions of Exhibits 1 through 4 in DN 196, which include the Commonwealth's memorandum of law in support of its motion to exclude the testimony and opinions of Marathon's experts Ramsey

Shehadeh and Michael Baye (Exhibit 1), as well as deposition transcripts (Exhibits 2-4.) These exhibits contain Marathon's and third parties' confidential and proprietary information, and are duplicates of Exhibits B, N and U of the Commonwealth's motion to exclude the testimony and opinions of Marathon's experts Ramsey Shehadeh and Michael Baye.  (DN 193.)

For the same compelling reasons and analysis articulated above addressing DN 196 and DN 192, the Court **GRANTS** Defendants motion to seal the highlighted portions of Exhibits 1 through 4 attached to Marathon's response in its entirety.  (DN 210.)

    b.  Memorandum in Opposition to the Commonwealth's Motion to Exclude Expert Testimony

Marathon also separately moves to seal portions of its opposition to the Commonwealth's motion to exclude the testimony and opinions of Marathon's experts Drs. Ramsey Shehadeh and Michael Baye and the highlighted portions of supporting Exhibits C, E, I, P and W, and the entirety of supporting Exhibits F, G, J, L, N, O, R, S and T.  (DN 199.)

Marathon argues Exhibit S should be sealed in its entirety as it is an analysis that Marathon generated prior to entering into a supply agreement with a third party for the sale of gasoline products in Louisville, KY.  (DN 198, at PageID #11022.)  Marathon argues Exhibit S discusses key terms of Marathon's contracts with a number of other third parties for the sale of gasoline and Marathon's recommended terms for renewal of the at-issue contract.  (*Id*. at PageID #11023-11024.)  Marathon argues Exhibits L, N, O, and T should be sealed in their entirety as this is third party discovery encompassing an analysis and recommendation to renew a contract, a declaration regarding a confidential supply agreement, and deposition testimony from third parties regarding their decision to enter into agreements with Marathon and the terms thereof.

(*Id*. at PageID #11023.)  Additionally, Marathon argues the highlighted portions of Exh C, E, I, P and W, and the entirety of Exhibits F, G, J and R should be sealed since both the Commonwealth's and Marathon's expert reports, deposition testimony and declarations discuss Marathon's supply agreements.  (*Id*. at PageID #11023.)  Lastly, Marathon argues the highlighted portions of Marathon's opposition brief discusses the substances of the exhibits for which it seeks leave to seal.  (*Id*.)

Marathon makes the same argument as in the above Sections that the compelling reason to seal the documents is to protect both Marathon's and the contracting third parties' competitive standing in the marketplace since bargaining power would be lost if their previous contractual terms were revealed to competitors.

First, the Court acknowledges that the public interest in these documents is low.  The underlying motion is a *Daubert* motion addressing whether an expert's opinions do or do not meet Federal Rules of Evidence 702's standards.

Second, the Court is persuaded that there is a compelling reason to seal the documents to protect both Marathon's and the contracting third parties' competitive standing in the marketplace since bargaining power would be lost if their previous contractual terms were revealed to competitors.

The Court believes Marathon's request to seal is narrowly tailored to serve this compelling interest as Marathon has identified the pertinent portions of its opposition to the Commonwealth's motion to exclude the testimony and opinions of Marathon's experts Drs. Ramsey Shehadeh and Michael Baye and the corresponding exhibits discussing the third party supply agreements at issue.  Marathon has highlighted the relevant portions of the motion to be

18

sealed, and selected pages from deposition transcripts and expert declarations containing sensitive commercial information. Marathon did not seek to seal the entirety its opposition, but only the specific portions and exhibits containing commercially sensitive third-party information or a discussion thereof.

Accordingly, the Court **GRANTS** Marathon's motion to seal portions of Marathon's opposition to the Commonwealth's motion to exclude the testimony and opinions of Defendant's experts Drs. Ramsey Shehadeh and Michael Baye and the highlighted portions of supporting Exhibits C, E, I, P and W, and the entirety of supporting Exhibits F, G, J, L, N, O, R, S and T. (DN 199.)

    c.   Reply to the Commonwealth's Motion to Exclude Expert Testimony

The Commonwealth also moves to seal portions of its reply in support of its motion to exclude the testimony and opinions of Marathon experts Ramsey Shehadeh and Michael Baye. (DN 215.) The Commonwealth's motion states the factual issues necessitate citation to several documents and the expert reports and deposition transcripts of Drs. Shehadeh and Baye which were designated confidential pursuant to a protective order. The two exhibits attached to DN 215 are entire deposition transcripts of experts labeled Exhibit X and Exhibit Y.

Additionally, Marathon filed a response in support of the Commonwealth's motion to seal portions of the reply memorandum of law in support of its motion to exclude the testimony and opinions of Marathon's experts and motion to seal highlighted portions of attached exhibits. (DN 218.) Marathon moves to seal the highlighted portions of Exhibits X and Y, reattached as Exhibits 1 and 2 in DN 219. Marathon contends the experts' deposition testimony in the highlighted portions of the exhibits include a discussion of Marathon's supply and exchange

agreements, contract renewal analysis and third party documents developed to analyze draft contract language. Marathon argues the information discussed in the transcripts is similar in nature and sensitivity to the supply agreements and other documents themselves.

The Court is persuaded that there is a compelling reason to seal portions of the deposition transcripts to protect both Marathon's and the contracting third parties' competitive standing in the marketplace since bargaining power would be lost if their previous contractual terms were revealed to competitors. The Court believes the Marathon's request to seal is narrowly tailored to serve this compelling interest as Marathon has identified the pertinent portions of the depositions at issue and does not seek to seal the entirety of the deposition transcripts.

The Court **GRANTS IN PART** the Commonwealth's motion to seal portions of its reply in support of its motion to exclude the testimony and opinions of Marathon's experts Ramsey Shehadeh and Michael Baye (DN 213) based on the arguments set forth in Marathon's response in support of Plaintiff's motion to seal portions of its reply and portions of Exhibits X and Y. (DN 218.) Specifically, the Court **DENIES WITHOUT PREJUDICE** the Commonwealth's request to seal the entirety of the deposition transcripts filed as Exhibits X and Y. However, the Court **GRANTS** the remainder of the Commonwealth's motion. Either party may file a renewed motion to seal within 30 days. Marathon is ordered to file supplemental redacted versions of these deposition transcripts to replace the entirety of the Commonwealth's transcripts as Exhibits X and Y within 30 days. The proffered seal documents Exhibits X and Y to DN 215 shall remain **PROVISIONALLY SEALED** during the next 30 days. If no motion to seal or supplemental redacted versions of Exhibits X and Y are filed by the deadline set forth above, the Clerk shall unseal the same.

D. <u>Defendant's Motion for Summary Judgment as to All Claims</u>

Fourth, the Court addresses the parties' request to seal certain documents related to Defendant's motion for summary judgment on all claims. (DNs 194, 202, 205, 214.)

a. Defendant's Motion for Summary Judgment

Marathon also moves to seal portions of its motion for summary judgment and brief in support as well as portions of supporting Exhibits D-F, H, M and FF, and the entirety of Exhibits G, I, K-L, N-P, Q-Z, BB-EE, GG-TT, XX-YY, and BBB. (DN 195.)

Marathon argues its summary judgment brief cites to various supply and renewal agreements, amendments, and supporting documents (Exhibits S, U-W, Y-Z, DD, EE, GG, II-OO, BBB); third party documents, declarations and testimony (Exhibits G, K-L, N-P, R, T, X, BB, CC, HH, PP-TT); portions of Marathon's deposition testimony (Exhibits D-F, M); and certain expert reports and testimony (Exhibits H-I, Q, XX-YY.) (DN 194, at PageID #9561.)

Marathon argues that Exhibits U-W, Y-Z, DD, EE, GG, II-OO and BBB consist of supply and exchange agreements, amendments to and renewals of those agreements with third parties, and communications regarding those agreements. (*Id.* at PageID #9563.) Marathon argues the expert reports including the entirety of Exhibits I, Q, XX and YY, as well as the highlighted portions of Exhibits H and FF contain this same information. (*Id.*) Marathon argues the highlighted portions of the deposition transcripts contained in Exhibits D-F and M contain testimony regarding its internal corporate structure, strategies for entering into different petroleum products agreements, distribution systems for moving gasoline between terminals and customers, key agreement terms and negotiations, and production volumes. (*Id.*) Lastly,

Marathon argues the highlighted portions of its summary judgment brief relate to the substance of the exhibits for which Marathon seeks leave to seal. (*Id.*)

Marathon argues it has already been granted leave to file Exhibits P, DD, and HH under seal. (DN 136, #3264.) Marathon makes the same argument as in the above Sections that the compelling reason to seal the documents requested is to protect both Marathon's and the contracting third parties' competitive standing in the marketplace since bargaining power would be lost if their previous contractual terms were revealed to competitors.

Unlike the analysis above, the Court recognizes that the public interest in this evidence is high. The evidence Marathon seeks to seal is evidence that goes to the merits of the case as the underlying motion is a motion for summary judgment arguing that Plaintiff's causes of action should fail. However, on balance the Court finds that Marathon would suffer a clearly defined and serious injury if the records are not sealed as the exhibits and highlighted sections of Marathon's brief contain information that might harm Marathon's and third parties' competitive standing as they relate to terms third parties are willing to accept in their regional supply and exchange agreements. As stated by the Court in prior orders (DN 136), although the pricing "information and supply agreements may not be "trade secrets" in the technical sense (e.g. proprietary chemical formulas or engineering patents), they undoubtedly constitute information which is used in [Marathon's] business, and which gives [it] an opportunity to obtain an advantage over competitors who do not know or use it." *Apple, Inc. v. Samsung Elec. Co., Ltd.*, 2012 WL 6115623, at *1 (N.D. Cal. Dec. 10, 2012).

The Court finds the scope of the seal is sufficiently narrowed since Marathon requests the Court seal only some of the exhibits attached to its motion for summary judgment-- three of

which have previously been sealed-- and the present motion would not prevent the public from viewing the substance of Marathon's arguments. (*See Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 783 (S.D. Ohio 2018)). Further, redacting identifying information, the agreement terms, related analysis and discussion of the terms would leave the functional equivalent of a sealed document in the case of supply agreements, expert reports and internal communications.

Accordingly, the Court **GRANTS** in its entirety Marathon's motion for leave to seal portions of its motion for summary judgment and brief in support as well as portions of supporting Exhibits D-F, H, M and FF, and the entirety of Exhibits G, I, K-L, N-P, Q-Z, BB-EE, GG-TT, XX-YY, and BBB. (DN 194.)

   b.   Memorandum in Opposition to the Motion for Summary Judgment

The Commonwealth also moves to seal portions of its opposition to Marathon's motion for summary judgment on all claims and Exhibits 1 through 48. (DN 202). Similar to the other motions to seal filed by Commonwealth, the motion is substantively lacking and states the exhibits were designated confidential by Marathon pursuant to a protective order. However, the Commonwealth does not set forth any compelling reason in its motion as to why the documents should be sealed.

However, Marathon has also filed a response in support of the Commonwealth's motion to seal portions of its opposition to Marathon's motion for summary judgment on all claims. (DN 205). Marathon supports the Commonwealth's motion to seal the highlighted portions of its opposition brief, and corresponding Exhibits 1-3, 5, 6, 8-11, 14-22, 24-29, 32-42, and 44-48 in their entirety, and the portions of Exhibits 4, 7, 12, 13 and 31. Marathon states in footnote 1 of

its response that it takes no position with respect to sealing Exhibits 23, 30 and 43. (*Id.* at PageID #13426.)

Marathon argues Exhibit 25 is an early draft of a third party declaration that this Court has already granted leave to file under seal. (*Id.* at PageID #13428.) Further Marathon argues Exhibits 2, 3, 10, 11, 14, 26-29, 34-42, 44, 45 and 48 consist of supply and exchange agreements, renewals of those agreements and communications regarding those agreements. (*Id.*) Marathon argues Exhibits 5, 6, 15-20, 22, 24, 25, 32, 33 and 47 include third party discovery regarding contract negotiations, drafts of contracts, and deposition testimony regarding the contracts. (*Id.*) Marathon argues Exhibits 4, 7, 12, 13, 21 and 31 are deposition transcripts containing information regarding Marathon's strategies for entering into different petroleum products agreements, distribution systems for moving gasoline between terminals and customers, and include key agreement terms. (*Id.* at PageID #13429.) Marathon further argues Exhibits 2, 3, 4-7, 10-22, 24-29, 31-42, 44, 45, 47 and 48 are expert reports and testimony discussing the other exhibits Marathon seeks sealed. (*Id.*) Lastly, Marathon states in addition to the highlighted portions of the brief identified by the Commonwealth, Marathon believes additional portions of the opposition brief should be kept under seal because those portions also discuss the substance of the exhibits enumerated above. (*Id.*)

Marathon makes identical arguments regarding the compelling interest at stake as reiterated in other Sections of this Order, and similar to the analysis above regarding DN 194, the Court finds the compelling interest of Marathon's and third parties' competitive standing outweighs the public interest in these documents. The Court finds the request is sufficiently narrowly tailored as Marathon does not seek to seal the entirety of the Commonwealth's

24

opposition arguments and exhibits in support thereof, but only the portions containing sensitive commercial information of Marathon and third parties.

The Court **GRANTS IN PART** the Commonwealth's motion to seal portions of its opposition to Marathon's motion for summary judgment on all claims and Exhibits 1 through 48 (DN 202) based on the arguments set forth in Marathon's response in support of Plaintiff's motion to seal portions of its opposition to Marathon's motion for summary judgment on all claims. (DN 205) Specifically, the Court **DENIES WITHOUT PREJUDICE** the Commonwealth's request to seal Exhibits 23, 30 and 43. However, the Court **GRANTS** the remainder of the Commonwealth's motion. Either party may file a renewed motion to seal within 30 days. Exhibits 23, 30 and 43 to DN 203 shall remain **PROVISIONALLY SEALED** during the next 30 days. If no motion to seal is filed by the deadline set forth above, the Clerk shall unseal the same.

c. Reply to the Motion for Summary Judgment

Marathon also moves to seal portions of its reply in support of its motion for summary judgment and attached exhibits. (DN 216.) Specifically Marathon seeks to seal portions of supporting Exhibits A and E, the entirety of Exhibits B-D and F-J. Marathon contends Exhibits B, D, G, H and I include third party discovery including deposition testimony from third party deponents regarding their decision to enter into supply agreements, third party negotiation strategy pro formas assessing third party bargaining positions, a supply agreement and email correspondence regarding the content of a third party declaration. (DN 214, at PageID #137.) Marathon also states that both Plaintiff's and Marathon's expert reports and deposition testimony in Exhibits B, D, G, H, I and J discuss the same types of materials encompassed in the exhibits

above. (*Id.*) Lastly, Marathon states the highlighted portions of its reply brief discuss the substance of the exhibits for which Marathon seeks leave to seal in the present motion to seal or that the parties have sought to seal in other pending motions to seal. (*Id.*)

Marathon makes identical arguments regarding the compelling interest at stake as discussed in other Sections of this Order and, similar to the analysis above regarding DN 194 and DN 202, the Court finds the compelling interest of Marathon's and third parties' competitive standing outweighs the public interest in these documents. The Court finds the request is sufficiently narrowly tailored as Marathon does not seek to seal the entirety of its reply and all exhibits in support thereof, but only the portions containing sensitive commercial information.

Accordingly, the Court **GRANTS** in its entirety Marathon's motion to seal portions of Marathon's reply in support of its motion for summary judgment and exhibits. (DN 214.)

## IV. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) The Commonwealth's Motion DN 197 is **GRANTED**.

(2) The Commonwealth's Motions DNs 164, 192, 202, 213 are **GRANTED IN PART** and **DENIED IN PART**.

(3) Marathon's Motions DNs 155, 166, 189, 194, 198, 211, 210, 214, are **GRANTED**.

(4) Parties have **30 DAYS** to file additional motions to seal or supplemental redacted versions of Exhibits pursuant to the above Order.

(5) DNs 203-25, 203-32, 203-45, 215-2, 215-3, 193-2, 193-10, 193-16, 165-7, 165-8, and 165-9 shall be **PROVISIONALLY SEALED** for **30 DAYS. The Court directs the**

**Clerk to unseal any of the documents identified in this paragraph if no party files a motion to seal such documents on or before October 30, 2019.**

cc: Counsel of record